# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| CARLOS WOODARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:10-CV-0399-PS |
| | ) | |
| SUPERINTENDENT, MIAMI | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Carlos Woodard, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time and demotion to a lower credit time earning classification in disciplinary action MCF # 10-08-0065. Both of these sanctions were suspended [DE 1 at 1]. Prisoners have a protected liberty interest in good-time credits they have earned because the loss of such credits affects the length or duration of a prisoner's confinement. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). Accordingly, habeas corpus relief is an appropriate remedy for loss of good time credits. *Id.*; *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

The Respondent has filed a motion to dismiss [DE 7]. In its supporting memorandum, the Respondent asserts that, on February 7, 2011, "Charles Penfold, the Final Reviewing Authority, modified the offense to B-215, destruction of property, and *dismissed* the earned credit time deprivation and the credit class demotion" [DE 8 at 2; emphasis added]. The Respondent also attaches a February 7, 2011 memorandum from Mr. Penfold, addressed to Mr. Woodard, confirming that "I will dismiss the Time Earning Class demotion and the Earned Credit Time deprivation, even though they had been suspended" [DE 8-3].

Mr. Woodard has not contested the Respondent's submissions, which establish that the

suspended loss of earned credit time and demotion in credit class he complains of in this petition have been dismissed. "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992). The disciplinary hearing decision that forms the basis for this petition has been set aside, and no longer affects the length or duration of Mr. Woodard's confinement. Setting aside the finding of guilt and restoring lost earned credit time is the only relief Mr. Woodard would receive if the Court adjudicated the merits of this petition, so he has already received all of the relief he could receive in this action.

Accordingly, the Court now **GRANTS** the Respondent's motion to dismiss [DE 7], and **DISMISSES** the petition as moot.

**SO ORDERED**.

ENTERED: May 2, 2011

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT